**YU ZHEN XIE, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* United States Attorney General, Respondent.**

**No. 08–3706–ag.**

United States Court of Appeals, Second Circuit.

July 8, 2009.

H. Raymond Fasano, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Anthony C. Payne, Senior Litigation Counsel, Margaret Kuehne Taylor, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

PRESENT: WILFRED FEINBERG, ROBERT D. SACK, and JON O. NEWMAN, Circuit Judges.

## SUMMARY ORDER

Petitioner Yu Zhen Xie, a native and citizen of China, seeks review of a June 26, 2008 order of the BIA affirming the January 3, 2005 decision of Immigration Judge ("IJ") Helen J. Sichel denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Zhen Xie*, No. A 98 477 952 (B.I.A. June 26, 2008), *aff'g* No. A 98 477 952 (Immig. Ct. N.Y. City Jan. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an independent decision on remand from this Court, the Court reviews the BIA's decision alone. *See Belortaja v. Gonzales*, 484 F.3d 619, 622–23 (2d Cir.2007). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

In its June 2008 decision dismissing Xie's appeal, the BIA set out a three-pronged test, providing that in order to establish a claim of persecution based on the forcible insertion of an IUD, an alien must establish that: (1) she resisted China's family planning policy; (2) she has been persecuted (or has a well-founded fear of persecution); and (3) the persecution was or would be on account of the respondent's resistance to the policy. Shortly after the BIA's decision in Xie's

case, it announced this same standard in a published decision, *Matter of M–F–W & L–G–*, 24 I. & N. Dec. 633, 636–37 (BIA 2008). In Xie's case, the BIA evaluated the last two prongs of the test, finding that Xie did not endure persecution and that any harm she did suffer was not on account of any resistance to the family planning policy. Contrary to the Xie's arguments, the BIA's decision was supported by substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur*, 494 F.3d at 289.

Even assuming that Xie established that she endured persecution as a direct result of the IUD insertion, Xie failed to demonstrate that she was forced to use an IUD, or prevented from removing it, on account of her resistance to China's family planning policy. As in *Matter of M–F–W–*, the BIA properly found that Xie was required to use an IUD as part of the routine implementation of China's family planning policy. 24 I & N Dec. at 643–44.

Xie concedes that the initial insertion of the IUD in 1992 "could be considered routine." Xie argues, however, that the circumstances in the years following the IUD insertion should not be considered routine because in 1996 or 1997, she requested that family planning officials remove her IUD. She further argues that her request could have been considered resistance by family planning officials and that their subsequent refusal to allow Xie to remove the IUD was in response to her opposition. Despite these arguments, we find no error in the BIA's conclusion.

We agree with the BIA that neither the initial insertion of an IUD nor officials' refusal to allow the IUD to be removed was persecution on account of any resistance. Thus, we need not reach the agency's finding that Xie never showed a connection between her use of an IUD and a hysterectomy she later underwent. *See*

*Matter of M–F–W–,* 24 I. & N. Dec. at 643–44. In sum, we find that the BIA's decision was supported by substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur,* 494 F.3d at 289.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).